Alexander J. **ORROCK, Jr., et al.,**
**Plaintiffs–Respondents,**

v.

**CROUSE REALTORS, INC., et al.,**
**Michael Flynn, Defendants–**
**Appellants.**

No. 59396.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 6, 1991.

---

Thomas B. Burkemper, Troy, for defendants-appellants.

Richard J. Zalasky, St. Louis, for plaintiffs-respondents.

PUDLOWSKI, Presiding Judge.

On December 28, 1988, a default judgment was rendered against appellant, Michael T. Flynn (hereinafter Flynn). On June 20, 1990, a writ of body attachment was issued against Flynn and on June 27, 1990, he was served with a body attachment order. On July 27, 1990, Flynn brought a motion to set aside the default judgment under Rule 74.06(b) and (d) alleging that respondents, Alexander J. Orrock, Jr. and L. Charlene Orrock (hereinafter Orrocks) perpetrated a fraud upon the court in order to obtain the default judgment. On October 24, 1990, the trial court denied the motion on the grounds that no motion was filed until one year after the default judgment was granted citing Rule 74.06. On November 30, 1990, Flynn filed this appeal. We affirm.

On appeal this court must determine whether the trial court erred in denying Flynn's motion to set aside the default judgment. Flynn brings three points on appeal. First, he alleges that the trial court improperly held that both his motions would be denied because they were filed

more than one year after the default judgment was granted. Second, Flynn alleges that the trial court failed to rule on all motions presented because it denied the motions under Rule 74.06(b) and Rule 74.06(d) for the same reason when the same rationale could not have been applicable under the rules. Finally, he alleges that the trial court erred in denying him the opportunity to present evidence, have a hearing, and make a record, because he alleged a meritorious defense, a good reason or excuse for the default, and that no injustice would accrue to the Orrocks by setting aside the judgment, and therefore, by denying his motion because of the one year limitation was against the weight of the evidence and an erroneous application of the law.

Pertinent sections of Rule 74.06(b) provide on motion and upon such terms as are just, that the court may relieve a party or his legal representative from final judgment or order for the following reasons, including "(1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud ..., misrepresentation, or other misconduct of an adverse party; (3) the judgment is irregular, (4) the judgment is void; or (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment remain in force." V.A.M.R. Rule 74.06(b).

Rule 74.06(c) provides that a "motion shall be made within a reasonable time and for reasons (1) and (2) and (3) of subdivision (b) not more than one year after the judgment or order was entered." Additionally, Rule 74.06(d) states in pertinent part: "this Rule 74.06 does not limit the power of the court to entertain an independent action to relieve a party from judgment or order or to set aside a judgment for fraud upon the court."

▆▆▆ Flynn filed an amended motion to set aside the default judgment under Rule 74.06(b) and Rule 74.06(d) and alleging that Orrocks' perpetrated a fraud upon the court in order to obtain the default judgment. Flynn did not file his motion attacking the default judgment of December 28, 1988, until July 27, 1990, more than one year after its entry. Rule 74.06(c) specifically states that the motion ... based on the first three grounds must be filed not more than one year after the judgment was entered. Accordingly, the trial court correctly denied Flynn's motion seeking to set aside the judgment pursuant to Rule 74.06(b).

▆▆▆ Although a motion under Rule 74.06(b) must be made within one year after the judgment was entered, the power of a court under Rule 74.06(d) to entertain an independent action in equity to set aside a judgment for fraud upon the court is not so limited. *McKarnin v. McKarnin*, 795 S.W.2d 436, 440 (Mo.App.1990); Laughrey, "Judgments—The New Missouri Rule," 44 J.Mo.Bar 11, 18. In this case, the trial court apparently considered relief only under Rule 74.06(b) because its order denying the motion was solely on the ground that it came more than one year after the judgment. The trial court's implicit refusal to rule on Flynn's claim of fraud upon the court was correct because such a claim must be raised in an independent suit in equity and not by motion as Flynn attempted to do here. *Compare* Rule 74.06(b) *with* Rule 74.06(d); Laughrey, *supra* at 18. *See also,* Moore and Rogers, *Federal Relief From Civil Judgments,* 55 Yale L.J. 622 (1946). In any event, Flynn's motion failed to assert substantive allegations of fraud upon the court as seen below. A judgment cannot be set aside on the ground of fraud upon the court "unless it is shown that fraud was practiced in the very act of obtaining the judgment; that the fraud went to the manner in which the judgment was procured rather than operating upon matters pertaining to the judgment itself; that the fraud prevented the unsuccessful party from presenting his case or defense; or that the fraud otherwise went to extrinsic, collateral acts or

matters not before the court for examination or determination in the suit or proceeding in which the judgment was rendered." *Bodine v. Farr*, 353 Mo. 206, 182 S.W.2d 173, 174 (1944). Also *see Reis v. La Presto*, 324 S.W.2d 648, 653–654 (Mo.1959); *Drainage Dist. No. 1 Reformed v. Matthews*, 361 Mo. 286, 234 S.W.2d 567, 573[8–10] (1950). Extrinsic fraud must be established by clear, strong, cogent, and convincing evidence. *Vinson v. Vinson*, 725 S.W.2d 121, 124[8] (Mo.App.1987). The complaining party must demonstrate "that he himself was free from fault, neglect, or inattention to his case." *McCarthy v. McCarthy*, 300 S.W.2d 394, 401 (Mo.1957); *Vinson, supra* at 124[11].

■ Flynn, in his motion to set aside the default judgment, alleged that the Orrocks perpetrated a fraud upon the court in the following respect: a) that the Orrocks did not plead facts authorizing a judgment for punitive damages; b) that Count II of Orrocks' petition failed to state a cause of action; c) that Orrocks committed fraud upon the court in that a guardian was appointed but withdrawn on April 15, the date of the closing; (d) that he admits service may have been made upon him, but denies knowledge of receiving it; and e) alleges fraud against Orrocks in failing to notify him of the proceedings. Assuming the allegations as true, the trial court could have impliedly found that Flynn did not allege extrinsic fraud and that he failed to allege that he was free from fault, neglect, or inattention. Thus, relief from the judgment on the ground of fraud upon the court was correctly limited. Point I is denied.

■ In regard to Flynn's second point, it is true that the same reason for denying the motion can not be applicable to both Rule 74.06(b) and Rule 74.06(d) because section (b)(1), (2) and (3) motions are specifically limited to one year whereas section (d) motions are only limited by establishing extrinsic fraud in setting aside a judgment. However, the judgment of the trial court which reaches a correct result, even though for an incorrect reason, should be affirmed. *Gross v. Gross*, 557 S.W.2d 448, 453 (Mo. App.1977); *Advance Concrete and Asphalt Co. and Turnpaco, Inc. v. Ingels et al.*, 556 S.W.2d 955 (Mo.App.1977). Point denied.

■ Only in Flynn's prayer, included in his amended motion, does he request the default judgment to be set aside pursuant to Rule 74.05 without giving any support for this allegation. In addition, Rule 74.-05(c) calls for the motion to set aside be filed not more than one year after the default has been entered. We find his third point without merit and is hereby denied.

Affirmed.

KAROHL, J., concurs.

GRIMM, J., concurs in result.