STATE ex rel. WILLEY ENTERPRISES, INC., Appellant,

v.

CITY OF KANSAS CITY, Missouri,
et al., Defendant,

Board of Zoning Adjustment of Kansas City, Missouri, Respondent.

No. WD 45554.

Missouri Court of Appeals,
Western District.

Dec. 8, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 22, 1992.

Application to Transfer Denied
March 23, 1993.

Richard A. King, Michael Burke, Cindy Ballard, Kansas City, for appellant.

Richard N. Ward, City Atty., Kathleen A. Hauser, Patricia Jensen, Asst. City Attys., Kansas City, for respondent.

Before SPINDEN, P.J., and HANNA and SMART, JJ.

SPINDEN, Judge.

Willey Enterprises, Inc., and Kansas City's Board of Zoning Adjustment (BZA) are disputing the manner in which BZA has handled a challenge to a solid waste transfer station and recycling center which Willey wants to build in Kansas City. The trial court decided that because BZA disobeyed BZA's rules in handling the matter and BZA misled the court in its representations of the case, it should set aside an earlier judgment and prohibit BZA from taking any further action in the matter. We reverse.

On May 28, 1991, Mary Lou Haefele, who owned land adjacent to where Willey wants to build its facility, appealed to BZA a May 1, 1990, decision by Kansas City's Codes Administration Department that the proposal was consistent with the property's M-1 zoning. Although this appeal came more than a year after the Code Administration's decision and although BZA rules required that such appeals be filed within 15 days of the Code Administration's decision, BZA did not enforce the requirement and docketed the appeal for hearing. BZA had frequently waived the 15-day requirement in previous cases. Haefele had known about the project since October 27, 1990. BZA scheduled a hearing of Haefele's appeal for July 9, 1991, but continued the hearing on its own motion, over Willey's objection, until August 27, 1991.

In the meantime, three ordinances which would have prohibited construction of a transfer station and recycling center in a M-1 zoning district were proposed to Kansas City's City Council. The council put the ordinances on an expedited hearing schedule which would have permitted council action as early as August 22, 1991.

Faced with the possibility that Haefele's appeal might cause a permit obtained from the Department of Natural Resources to expire before the facility could be constructed and that the City Council might enact an ordinance prohibiting construction of the facility on the proposed site, Willey sued in circuit court on July 26, 1991, for a writ of mandamus and for a writ of prohibition. The mandamus petition asked the court to order the Codes Administration to issue a building permit, and the prohibition petition challenged BZA's jurisdiction to consider Haefele's appeal. The trial court responded with four orders between August 9 and November 22, 1991.

On August 9, the trial court issued the first one, a temporary writ of mandamus ordering the Codes Administration to deliver to the court a building permit authorizing construction of the facility. The court's judgment stated, "If the BZA does not hold a hearing on or before August 19, 1991, or fails to dispose of the appeal on jurisdictional grounds or on the merits, then this Court will find that [Willey] does not have an adequate remedy at law and will issue a permanent Writ of Mandamus."

The court did not rule on Willey's request for a writ of prohibition.

On August 19, 1991, BZA held a hearing and decided that it had jurisdiction. BZA members voted three-to-two to overturn the Codes Administration's decision that Willey's proposal was a permissible use, but the Codes Administration's determination stood because four votes were necessary to overturn it.

On the same day, the trial court issued its second order, entitled a modified judgment, which stated:

> Upon entry of an order by the Board of Zoning Adjustment in accordance with its direction of August 19, 1991,[1] this Court will quash the temporary Writ of Mandamus and the Court will return the building permit which it holds to the Department of Codes Administration.

On August 27, 1991, attorneys for BZA assured the court that BZA had disposed of the matter and that Willey could proceed with its project. The trial court, in reliance on these assurances, entered its third order, a judgment quashing its preliminary writs of mandamus.

On September 16, 1991, Haefele asked BZA to reconsider her appeal. She alleged that "[n]ew and different evidence not previously presented and not previously available will be presented." On October 22, 1991, BZA granted her request[2] and scheduled a hearing for November 26, 1991.

By then, more than 30 days had expired since the trial court's third judgment of August 27. Rule 81.05(a) provides that a judgment becomes final and cannot be appealed 30 days after its entry if the parties do not file a motion for a new trial before then. Willey sought to avoid the consequence of this rule by asking the trial court, on November 6, 1991, for relief pursuant to Rule 74.06(b)(2) which provides, "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment

or order for … fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party[.]" Willey's motion asserted that BZA had misled the court in assuring it that Haefele's appeal had been disposed of after the August 19 hearing. On November 21, 1991, the court held a hearing on the motion and, on the next day, entered its fourth order. It set aside its judgment of August 27 with this explanation:

> On August 27, 1991 judgment was entered quashing the writs previously entered in this cause. This was done based on the assurance of the parties that the matter was fully and finally resolved. Since that time the Defendant Board of Zoning Adjustment (BZA) has taken various steps which appear to be contrary to the BZA's rules. These actions are contrary to the Court's understanding that the matter was fully and finally resolved. The actions of BZA create delay and uncertainty which keeps relator from proceeding with its project. The manner in which the BZA has acted leads me to conclude that relief pursuant to Rule 74.06 is appropriate.

BZA appeals this judgment. BZA contends that the trial court erred in setting aside its judgment of August 27 because any misconduct by BZA occurred after the judgment. BZA argues that Rule 74.06 applies only to misconduct occurring before or at the time the court enters its judgment. We agree.

The courts have construed Rule 74.-06(b)(2) to apply only to the manner in which a party obtains a judgment.

> A judgment cannot be set aside on the ground of fraud upon the court "unless it is shown that fraud was practiced in the very act of obtaining the judgment; that the fraud went to the manner in which the judgment was procured rather than operating upon matters pertaining to the judgment itself; that the fraud prevent-

---

1. We believe this was a typographical error and that the correct date should be August 9, 1991.

2. According to BZA rules, four members who had heard the original case had to vote to grant a rehearing. Only two BZA members who had heard the first appeal were still on the board, but the new members read the transcript of the original case before voting to rehear the appeal. Whether this was lawful is not an issue in this appeal.

ed the unsuccessful party from presenting his case or defense; or that the fraud otherwise went to extrinsic, collateral acts or matters not before the court for examination or determination in the suit or proceeding in which the judgment was rendered." *Bodine v. Farr*, 353 Mo. 206, 182 S.W.2d 173, 174 (1944). Also *see Reis v. La Presto*, 324 S.W.2d 648, 653–654 (Mo.1959); *Drainage Dist. No. 1 Reformed v. Matthews*, 361 Mo. 286, 234 S.W.2d 567, 573[8–10] (1950).

*Orrock v. Crouse Realtors, Inc.*, 813 S.W.2d 929, 931–32 (Mo.App.1991).

The misconduct referred to by the trial court occurred after its modified judgment of August 27. The court referred only to BZA's taking "various steps [after August 27] which appear to be contrary to the BZA's rules." It made no findings that BZA misinformed or hid its true intent before it entered the modified judgment on August 27. The trial court waited until November 22 to prohibit BZA from taking further action on Haefele's contest of Willey's project.

Willey does not allege that the BZA committed intrinsic fraud—perjury, use of forged instruments, or misrepresentations of evidence. It asserts that BZA committed extrinsic fraud—fraudulent acts collateral to the issues tried in the case. It argues that BZA continued to consider Haefele's appeal after telling the trial court that it had completed its consideration. "Extrinsic fraud must be established by clear, strong, cogent, and convincing evidence." *Id.* at 932 (quoting *Vinson v. Vinson*, 725 S.W.2d 121, 124[8] (Mo.App.1987)). We find no such evidence of extrinsic fraud in this record. We find no evidence that the BZA was aware that Haefele would be asking for a rehearing—a procedure authorized by BZA rules—or that BZA anticipated granting that request before the trial court entered its judgment.

· We certainly do not condone BZA's continuing to consider Haefele's appeal in apparent contravention of the court's order. The appropriate remedy, however, did not

lie within Rule 74.06. Willey could have asked the trial court to hold BZA in contempt, or it could have sought a writ through a new writ proceeding to prohibit BZA from holding the rehearing. Instead, Willey attempted to obtain a writ of prohibition by reviving the old proceeding. We conclude the trial court erroneously set aside its August 27 judgment pursuant to Rule 74.06(b).[3]

In his cross-appeal, Willey contends that BZA did not have jurisdiction to consider Haefele's appeal in the first place. Willey argues that Haefele knew of the zoning determination at least seven months before filing her appeal, so her appeal was untimely and BZA had no jurisdiction to consider it. BZA counters that this court lacks jurisdiction to consider Willey's cross-claim because he raised it more than 30 days after the trial court entered its judgment.

We agree. Pursuant to Rule 81.05(a), the trial court's judgment had become final and could not be appealed by Willey. *John W. Meara & Company v. George*, 774 S.W.2d 552, 554 (Mo.App.1989). Because Willey did not appeal on time, this court lacks jurisdiction to consider Willey's cross-appeal.

Willey argues in the alternative that because the trial court reopened the judgment and set it aside on November 22, it had 30 days from then to appeal. We disagree. We have concluded that the trial court had no authority for its action of November 22. The time for Willey to complain about the BZA's lack of jurisdiction had long expired before Willey raised this issue in this appeal.

We, therefore, reverse the judgment of the trial court, and order that the original judgment of August 27, 1991, be reinstated.

All concur.

3. Because we have reached this conclusion, it is unnecessary for this court to reach the issues

raised by Haefele as amicus curiae.