**Ex parte David SHAW.**

**No. 69708.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 4, 1987.

Angela Halfmann, Huntsville, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is a post-conviction application for writ of habeas corpus brought under the provisions of Article 11.07, V.A.C.C.P.

Applicant was indicted for aggravated robbery.[1] On May 19, 1981 applicant

1. The aggravated robbery indictment had alleged that the applicant had used and exhibited a deadly weapon, to-wit: a knife. A "deadly weapon" is defined in V.T.C.A., Penal Code, § 1.07(a)(11). A knife is not a deadly weapon per se, although a knife can qualify as a deadly

entered a plea of guilty to the lesser offense of robbery in a bench trial and was assessed a punishment of ten years' imprisonment and at a $5,000.00 fine. The imposition of the sentence was suspended and applicant was placed on probation subject to certain probationary conditions. The judgment entered contained no affirmative finding as to the use or exhibition of a deadly weapon.

Over four years later on October 14, 1985 the court, after a hearing, revoked probation. Sentence was imposed. The punishment was assessed at ten years and a fine of $4,680.50. In the formal combination order revoking probation and the sentence the trial judge entered the following at the conclusion of the instrument:

"Date offense committed: 11–23/80
Deadly weapon used or exhibited? Yes XX No __."

In his habeas application applicant urges his plea of guilty to robbery was not knowingly and voluntarily made, that he had ineffective assistance of counsel at the time of his guilty plea and at the hearing on the motion to revoke probation. He also contends the trial court lacked the authority to enter an affirmative finding of a deadly weapon almost four and one-half years after the finding of guilty. All of his contentions relate directly to the said affirmative finding.[2]

In view of the nature of the offense (aggravated robbery) for which applicant was indicted, he was not eligible for probation from the court under Article 42.12, § 3f(a)(1)(E), V.A.C.C.P., in effect at the time of his guilty plea.[3] Further, § 3f(a)(2) of Article 42.12 provided that a defendant is not eligible for probation "when it is shown that the defendant used or exhibited

a deadly weapon as defined in Section 1.07(a)(11), Penal Code, during the commission of a felony offense or during immediate flight therefrom. Upon an affirmative finding that the defendant used or exhibited a deadly weapon during the commission of an offense or during immediate flight therefrom, *the trial court shall enter the finding in the judgment of the court.* Upon an affirmative finding that the deadly weapon the defendant used or exhibited was a firearm, the court shall enter that finding in its judgment." (Emphasis supplied.)

Under Article 42.12, § 15(a), V.A.C.C.P., a prisoner convicted of the offenses listed in § 3f(a)(1), including aggravated robbery or where the judgment contains an affirmative finding under § 3f(a)(2), he is required to serve flat time equal to one-third of his sentence before becoming eligible for parole.[4]

As earlier noted, the offense was reduced to robbery to which applicant entered a plea of guilty, and no affirmative finding of the use or exhibition of a deadly weapon was made or entered in the judgment. Otherwise probation could not have been legally granted by the court as was done with the imposition of the sentence.

Over four years later the trial court revoked probation and attempted for the first time to make an affirmative finding that a deadly weapon was used or exhibited at the time of the commission of the offense and entered the same in a written combination of an order revoking probation and a sentence.

At the time of applicant's guilty plea a "judgment" and "sentence" were not the same thing. See Articles 42.01 and 42.02,

---

weapon through the manner of its use, its size and shape and its capacity to produce death or serious bodily injury. *Alvarez v. State,* 566 S.W.2d 612 (Tex.Cr.App.1978); *Limuel v. State,* 568 S.W.2d 309 (Tex.Cr.App.1978); *Denham v. State,* 574 S.W.2d 129 (Tex.Cr.App.1978); *Davidson v. State,* 602 S.W.2d 272 (Tex.Cr.App.1980).

**2.** In his sworn habeas application applicant alleged, inter alia, that there was a plea bargain and that he entered his guilty plea to the lesser included offense of robbery upon the advice of his counsel that if his probation was ever re-

voked he would not have to serve one-third of his sentence flat time before becoming eligible for parole. Attached to the habeas application is an affidavit of applicant's trial counsel supporting the allegation.

**3.** Now see Article 42.12, 3g(a)(1)(D), V.A.C.C.P.

**4.** Now see Article 42.18, § 8, V.A.C.C.P. (Acts 1985, 69th Leg., p. 2943, ch. 427, eff. Sept. 1, 1985).

V.A.C.C.P. (1965); *Thornton v. State,* 576 S.W.2d 407 (Tex.Cr.App.1979). Article 42.-02, now provides: "The sentence is that part of the judgment, *or* order revoking a probated sentence, that orders that the punishment be carried into execution in the matter as prescribed by law." (Acts 1981, 67th Leg., p. 809, ch. 291, § 112, eff. Sept. 1, 1981.) (Emphasis supplied.)

The sentence in the instant case was a part of the order revoking probation, not a part of the judgment.

After applicant filed his sworn habeas application in the convicting court as required by Article 11.07, supra, the State filed no response. The trial court filed no findings of fact or conclusions of law, entered no order or took any action whatsoever. The district clerk forwarded the record to this Court.

■ The evidence offered to support applicant's plea of guilty to robbery, see Article 1.15, V.A.C.C.P., is not in the record before this Court. We do not know if any evidence was offered to show the use or exhibition of a deadly weapon (see footnote # 1). Nevertheless, the court forwent an affirmative finding as to a deadly weapon at the time of the guilty plea when it granted applicant probation. Having done so, we conclude that, under the circumstances presented, the trial court was without authority after the revocation of probation to enter an affirmative finding of the use or exhibition of a deadly weapon at the time of the commission of the offense. Cf. *Ex parte Dopps* (Tex.Cr.App. No. 69,600) (ordered published 2/3/87).[5]

Further, the statute requires that for an affirmative finding as to a deadly weapon to have an effect on a convicted defendant's eligibility for parole it must be entered in the judgment. There is no such finding in the judgment in the instant case.

The applicant is entitled to the relief he seeks. Applicant is entitled to have his

parole eligibility date calculated by the Texas Department of Corrections without an affirmative finding as to the use or exhibition of a deadly weapon. Ex parte *Brooks,* 722 S.W.2d 140 (Tex.Cr.App.1986). The Clerk of this Court shall cause a copy of this opinion to be delivered to the Texas Department of Corrections and the Board of Pardons and Paroles.

It is so ordered.

held that under the circumstances presented the trial court was not authorized to enter the nunc pro tunc judgment. It was there noted that a nunc pro tunc order may be used to correct clerical, not judicial omissions or errors.

---

**5.** In *Dopps* the trial court, upon learning that the defendant was being considered for parole, entered a nunc pro tunc judgment making for the first time an affirmative finding as to the use or exhibition of a deadly weapon. It was