**MISSOURI FARMERS ASSOCIATION, INC., Appellant,**

v.

**Leo J. HAVICON and Nancy I. Havicon, his wife, Respondents.**

**No. 52226.**

Missouri Court of Appeals, Eastern District, Division One.

April 21, 1987.

Toohey & Moore, Thomas L. Hoeh, Perryville, for appellant.

Huck & Kasten, Inc., Herbert A. Kasten, Jr., Ste. Genevieve, for respondents.

CRIST, Judge.

Missouri Farmers Association, Inc. (plaintiff) appeals from an order setting aside a judgment for plaintiff and granting Leo Havicon's (defendant-husband) motion for a new trial. The order purporting to grant a new trial was entered more than ninety days after the filing of the motion for a new trial and was thus null and void. Rule 78.06. We reverse.

Plaintiff brought an action, in the circuit court of Ste. Genevieve County, for money due on an account in Leo Havicon's name. The court granted defendant-wife's motion to dismiss, but on May 28, 1986, found against defendant-husband in the amount of $3,044.30, plus interest of $456.65. On June 12, 1986, defendant filed a timely motion for a new trial asking the trial court to set aside the May 28, 1986 judgment and to grant a new trial. The motion alleged, among other things, the judge was an associate circuit judge without authority to act as circuit judge because there had been no assignment of the case to the associate division.

On Tuesday, September 16, 1986, more than ninety days after the entry of the May 28, 1986 judgment appealed from, the trial court entered its order setting aside the May 28, 1986 judgment and granting a new trial. The basis for the granting of the new trial was to "restore to Defendants their right to a 'trial de novo' [that] Plaintiff's misfiling caused them to lose."

We note that prior to losing on the merits, defendants did not object to the case being tried by an associate circuit court judge using circuit court procedure. The petition, defendants' answer, as well as all other filings and orders were captioned in the circuit court of Ste. Genevieve County. In the first order signed by the judge, his name appeared over the words "Circuit Judge"; on a nunc pro tunc following that order, the designation was "Judge, Division III/Circuit Court of Ste. Genevieve County"; and on the final judgment in the case, it was again "Circuit Judge."

Whatever the rationale for ordering a new trial and the merits of that reasoning, the trial court's order of September 16, 1986, granting a new trial was untimely. The May 28, 1986 judgment had become final on September 10, 1986, ninety days after the filing of defendant's motion for a new trial. Rule 78.06. The trial court was without authority on September 16, 1986, to set aside the judgment and grant a new trial. §§ 1.040 and 506.060.2(2), RSMo 1986. *Mercantile Trust Co. v. Holst*, 665 S.W.2d 370, 371 [1] (Mo.App.1984).

The order granting defendant a new trial is reversed. Judgment in favor of plaintiff is in full force and effect.

SATZ, P.J., and KELLY, J., concur.