**Timothy Wayne BLACKSHEAR, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–86–212–CR.**

Court of Appeals of Texas, Fort Worth.

Feb. 4, 1988.

Max Blankenship, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., and C. Chris Marshall and David K. Chapman, Asst. Dist. Attys., for State.

Before JOE SPURLOCK, II, KELTNER and LATTIMORE, JJ.

## OPINION

JOE SPURLOCK, II, Justice.

Appellant, Timothy Wayne Blackshear, pled guilty to the jury of the offense of aggravated robbery with a deadly weapon. *See* TEX.PENAL CODE ANN. sec. 29.-03(a)(2) (Vernon 1974). The jury assessed punishment at 30 years confinement in the Texas Department of Corrections and a $5,000 fine. Blackshear raises two points of error on appeal.

We reform the judgment and as reformed, affirm.

On the evening of April 29, 1986, Janice Ligon was bathing her baby in a back bathroom of her house when she heard the burglar alarm go off. She assumed that her twelve-year-old niece, who was visiting, had opened the door to let the dog out. Ligon went to her bedroom door, turned off the alarm and then went in search of her niece. When Ligon approached the front door, she saw that it was open and that a man was standing outside the door. The man stated that he was looking for his friend that had just moved into the area. Ligon tried to grab the door to close it, but was prevented from doing so by the man when he pushed the door open. He began wrestling with Ligon and caused Ligon to drop her baby on the floor. Ligon stopped struggling with the man when he pointed a gun at her. The man then took Ligon's VCR, jewelry box, and her purse which contained a small handgun. He then left. Appellant Blackshear was arrested on May 7, 1986 in possession of some of Ligon's stolen goods. At trial, Ligon identified him as the man who had entered her home, and taken her property from her.

Blackshear contends in his first point of error that the trial court committed reversible error by admitting into evidence a nunc pro tunc order during the punishment phase of the trial over Blackshear's objection. The nunc pro tunc order corrected the judgment from a prior criminal case in which Blackshear was the defendant. In that case, Blackshear had been indicted and pled guilty to the offense of *burglary of a vehicle*. However, the judgment reflected that he pled guilty to the offense of *burglary* and was assessed a three year probated sentence by the court. In August, 1981 after he satisfactorily completed two years of his three year probationary term, the court released him from further probation, granted a new trial, then set aside the probation, and dismissed the cause. On August 27, 1986, during the punishment phase of the trial of the instant case, a nunc pro tunc order was entered correcting the judgment of conviction in the prior criminal case, changing it from the offense

of burglary to the offense of burglary of a vehicle.

Appellant argues that the nunc pro tunc order was inadmissible because under former TEX.CODE CRIM.PROC.ANN. art. 42.06, now codified as TEX.R.APP.P. 36(a), a judgment may not be entered or corrected nunc pro tunc after a new trial has been granted.[1] When the trial court terminated his probation in 1981, it granted him a new trial and then dismissed his case. Blackshear argues that the nunc pro tunc order entered five years thereafter should not have been admitted into evidence. He also claims that he was harmed by the erroneous admission of the evidence because: the penalty range for the offense for which he was charged was 5 to 99 years or life and a fine not to exceed $10,000; the jury assessed his punishment at 30 years confinement in the penitentiary and a $5,000 fine; and the jury would have returned a different verdict on the assessment of punishment if the order had not been admitted into evidence.

▉ We hold that the trial court erred in entering a nunc pro tunc order and admitting it into evidence after a new trial had been granted. *See* former TEX.CODE CRIM.PROC.ANN. art. 42.06. However, we further hold that the error was harmless. The original judgment in Blackshear's prior case shows he was guilty of burglary, a first or second degree felony. *See* TEX.PENAL CODE ANN. sec. 30.02 (Vernon 1974). The nunc pro tunc order corrected the judgment to show that appellant was guilty of burglary of a vehicle, a third degree felony. The nunc pro tunc correction only helped Blackshear, not harmed him. We hold that the trial court did not commit reversible error by admitting the nunc pro tunc order into evidence. We overrule point of error one.

In his second point of error, Blackshear argues that the trial court erred in entering in the judgment of conviction an affirmative finding that he had used a deadly weapon. He contends that the jury in its verdict did not find him guilty as charged in the indictment, and that a special issue was not submitted to the jury regarding whether he "used a deadly weapon". Thus, Blackshear reasons that the jury did not find him guilty of the offense of aggravated robbery with a deadly weapon, nor did it make an affirmative finding that he used a deadly weapon. Blackshear contends that the jury, not the court, was required to make such an affirmative finding. The finding should therefore, be deleted from the judgment as it will affect when he will become eligible for parole.

We must first determine whether the affirmative finding is improper. Blackshear pled guilty before a jury to an indictment alleging that he used a deadly weapon, a firearm. The plea of guilty to the jury admitted all the elements of the offense and was conclusive as to his guilt. *Brinson v. State,* 570 S.W.2d 937, 938, 939 (Tex.Crim.App. [Panel Op.] 1978). The indictment, in charging the aggravating element of the offense of robbery, charged that Blackshear "did then and there use and exhibit a deadly weapon, to wit: a firearm." The evidence introduced at the punishment phase of the trial was that Blackshear pointed a gun at the complaining witness. Thereafter, the court instructed the jury in the charge to find Blackshear "guilty as charged in the indictment." However, the jury never entered a verdict of guilty, and the trial court never said the words "upon your plea of guilty, I find you guilty." The only charge was on punishment, and although the court had instructed the jury to find Blackshear guilty as charged in the indictment, the verdict form submitted by the court only required the jury to assess punishment for the offense of aggravated robbery. It did not include the magic phrase "guilty as charged in the indictment," nor was there a place provided in the verdict form for the jury to find Blackshear guilty or affirmatively find Blackshear used a deadly weap-

---

1. Article 42.06 provides "[i]f there is a failure from any cause whatever to enter judgment and pronounce sentence, the judgment may be entered and sentence pronounced at any subsequent time, *unless a new trial has been granted, or the judgment arrested, or an appeal has been taken.*" (Emphasis added.) *See* ch. 722, vol. 2, 1965 Tex.Gen.Laws 317, 486.

on. Although the jury never entered a finding of "guilty," we hold the verdict implies this finding.

■ We would normally assume the court's instruction, the evidence of the use of a firearm, Blackshear's plea of guilty and the jury's verdict form would be sufficient to establish the fact that Blackshear did use a deadly weapon during the commission of the offense. However, we note that in this case the defense attorney, prior to submission of the charge, discussed with the court whether the jury could be requested "not to make an affirmative finding of the use of a deadly weapon." The defense attorney also stated that he had explained to Blackshear that it would be up to the jury and that it would be in the jury's verdict. The court then stated, "I think that if they find him—upon his plea of guilty, that I can only submit guilty of what is set forth in the indictment." We note it is clear that the jury made no finding.

The entire verdict form on guilt or punishment is as follows:

We, the jury, having been instructed by the Court to find the defendant guilty of the offense of aggravated robbery assess his punishment at confinement in the penitentiary for a period of <u>30</u> years, and in addition to such confinement assess a fine of <u>$5,000.00</u>.

Although the court instructed the jury to find Blackshear guilty as charged in the indictment, nevertheless, the verdict form provided by the court did not use that language. We hold the trial court erred in entering in the judgment an affirmative finding of the use of a deadly weapon. *See Polk v. State*, 693 S.W.2d 391, 396 (Tex. Crim.App.1985).[2] *See generally, Ex Parte Patterson*, 740 S.W.2d 766 (Tex.Crim.App. 1987). Therefore, we reform the judgment, deleting the affirmative finding of use of a deadly weapon.

■ Although the affirmative finding is deleted from the judgment, the improper affirmative finding in the judgment otherwise had no affect on the time Blackshear would serve on his sentence. The 1985 version of TEX.CODE CRIM.PROC.ANN. art. 42.18, sec. 8(b) was in effect when Blackshear committed his offense and at the time of his trial. The statute provided that a defendant, who was sentenced for one of the offenses listed under TEX. CODE CRIM.PROC.ANN. art. 42.12, sec. 3g(a)(1) or whose judgment contained an affirmative finding that he used a deadly weapon, was not eligible for parole until he served one third of his sentence without good time credit. *See* ch. 427 secs. 1, 2, 1985 Tex.Gen.Laws 1530, 1534, 1551, *amended by* ch. 1101, sec. 7, 1987 Tex.Gen. Laws 7538, 7547. Aggravated robbery is one of the offenses listed under article 42.12, section 3g(a)(1). Therefore, the court's error in including in the judgment the finding of the use of a deadly weapon did not increase the minimum amount of time appellant will have to serve in his sentence. *Ex parte Shaw*, 724 S.W.2d 75, 76 (Tex.Crim.App.1987). He suffered no harm from this finding.

■ Although no harm occurred as a result of the improper affirmative finding in this case, we observe that it could make a great difference in a case involving a different offense. We therefore urge the trial courts to more carefully draft their verdict forms, to include, as a minimum, a place for the jury to enter an actual finding of guilt, and a place to enter a finding on the use of a deadly weapon, if any. We sustain Blackshear's second point of error, but find the error is harmless.

The judgment in this cause, as reformed is affirmed.

---

2. In *Polk,* the Court of Criminal Appeals held that where the jury is the trier of fact, the trial court may only enter an affirmative finding regarding the defendant's use or exhibition of the deadly weapon or firearm in three situations. The first situation is when the deadly weapon or firearm was specifically pled as such in the indictment and the verdict read guilty as charged in the indictment. *Polk* 693 S.W.2d at 396. In our case, the firearm was specifically pled in the indictment, but the verdict did not read guilty as charged in the indictment.