**Erma Jean GALLOWAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–94–01180–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 25, 1996.

Discretionary Review Refused
April 10, 1996.

---

William Goode, Houston, for Appellant.

John B. Holmes, District Attorney, Julie Klibert, Assistant, for appellee.

Before OLIVER–PARROTT, C.J., and FARRIS and WILSON, JJ.

## OPINION

FARRIS, Justice.[1]

A jury found Erma Jean Galloway guilty of voluntary manslaughter with the use of a firearm, assessed her punishment at 10 years confinement, and recommended her sentence be probated. The trial court entered the jury finding that Galloway was guilty of manslaughter with the use of a firearm in a judgment probating her sentence. Eight years later, the court granted a motion to revoke her probation, reformed her punishment imposing five years imprisonment, and entered a deadly weapon finding in the new judgment. On appeal, Galloway complains only of the deadly weapon finding by chal-lenging the authority of the trial court to enter the finding in the judgment revoking her probation, relying upon *Ex parte Shaw,* 724 S.W.2d 75 (Tex.Crim.App.1987). We overrule Galloway's complaint because the trial court entered the jury's deadly weapon finding in the original judgment probating her sentence. Also, other facts distinguish this case from *Shaw.*

Unlike Galloway, Shaw was indicted for aggravated robbery, the indictment alleging he had used or exhibited a deadly weapon, *id.* at 75 n. 1; but Shaw entered a guilty plea, in a bench trial, to the lesser included offense of robbery, *id.* at 76; and there was not a deadly weapon finding. *Id.* Also, the record in *Shaw* did not include the evidence offered to support Shaw's plea of guilty to robbery so the Court of Criminal Appeals could know if any evidence was admitted proving Shaw used or exhibited a deadly weapon. *Id.* at 77. As a consequence, the Court of Criminal Appeals could only conclude, "under the cir-cumstances presented," the trial court was without authority, after revoking Shaw's pro-bation, to enter a deadly weapon finding. *Id.*

The facts relevant to Galloway's conviction and revocation are more similar to those of *Shannon v. State,* 723 S.W.2d 322 (Tex. App.—Austin 1987, pet. ref'd, untimely filed). A jury found Shannon guilty of aggravated robbery. *Id.* at 323. The trial court had charged the jury that before it could find Shannon guilty of aggravated assault it had to find he used a firearm. *Id.* Based upon the jury's recommendation, the trial court probated Shannon's sentence, but, unlike the trial court in this case, did not enter the jury's affirmative deadly weapon finding in the original judgment. *Id.* Only later, upon revoking Shannon's probation, did the trial court enter the deadly weapon finding in the judgment. *Id.* On appeal, the court of ap-peals held the trial court did not err by entering the affirmative finding because the purpose for entering a deadly weapon finding is to inform the Board of Pardons and Pa-roles of a factor determining the computation

---

1. The Honorable Judge David F. Farris, former Justice, Court of Appeals, Second District of Tex- as at Fort Worth, sitting by assignment.

of time a prisoner must serve before being released; therefore, the trial court's failure to enter the finding in the judgment was irrelevant as long as Shannon was on probation. *Id.*

Importantly, like *Shannon* but unlike *Shaw,* the record in this case includes both the evidence of Galloway's use of a firearm and the jury's finding of that fact. Even more significantly, unlike either *Shannon* or *Shaw,* the trial court entered the affirmative weapon finding in the original judgment. Accordingly, we hold the trial court did not err in entering the affirmative finding upon revoking Galloway's probation. We also hold entering the affirmative finding in the second judgment was harmless, because its entry in the original judgment was a part of the record and informed the Board of Pardons and Paroles of the finding.

The judgment is affirmed.