**STATE of Missouri, DEPARTMENT OF LABOR & INDUSTRIAL RELATIONS and Curators of Lincoln University, Appellants,**

**Missouri State Labor Council, and Missouri State Building and Construction Trades Council, Amicus Curiae,**

v.

**RON WOODS MECHANICAL, INC., Roy A. Scheperle Construction, Inc., and Fidelity and Deposit Company of Maryland, Respondents.**

**No. WD 51740.**

Missouri Court of Appeals,
Western District.

July 23, 1996.

Rehearing Denied Aug. 27, 1996.

Jeremiah W. (Jay) Nixon, Atty. Gen., John R. Munich, Norman Siegel, Michael Pritchett, Asst. Attys. Gen., Jefferson City, for appellant Mo. Dept. of Labor & Industrial Relations.

Mary Harris, Jefferson City, for appellants Curators of Lincoln University.

John W. Ellinger, Jefferson City, for respondents.

Ronald Gladney, Clayton, for amici curiae Mo. State Labor Council et al.

Before LOWENSTEIN, P.J., and HANNA and SPINDEN, JJ.

HANNA, Judge.

The Missouri Department of Labor and Industrial Relations (Department) and the Curators of Lincoln University appeal from an order of the circuit court dismissing claims filed against defendants, Ron Woods Mechanical, Inc., Roy A. Scheperle Construction Company, Inc., and Fidelity and Deposit Company of Maryland, alleging a violation of the Prevailing Wage Law, §§ 290.210 to 290.340, RSMo 1994. One of the issues raised here, which is dispositive, is whether this court has jurisdiction.

The Curators of Lincoln University (Lincoln) entered into two contracts with Scheperle to complete two construction projects on Lincoln's campus. Each contract contained a provision requiring that all workers be paid the prevailing wage, as determined by the Department. Fidelity issued two performance bonds, each referring to the prime contracts for the Lincoln projects. Thereafter, Ron Woods Mechanical (Woods) entered into a subcontract with Scheperle to perform the plumbing, heating, venting, and air conditioning on the projects. Woods was legally obligated to pay its employees the prevailing wage.

The Department filed suit against defendants claiming that Woods did not pay its employees the prevailing wage, as determined by the Department. It sought a declaration that Woods failed to perform its contractual and statutory obligations to comply with the Prevailing Wage Law, for which all defendants were jointly and severally liable. The Department also sought a decree that defendants were jointly and severally liable to Lincoln for penalties and back wages for the individual workers.

On May 20, 1994, the court entered an order dismissing the Department's petition concluding that the Department lacked standing to bring the claim.[1] The Department filed a notice of appeal. Also, on June 17, 1994, the Department moved the trial court to vacate the order pursuant to Rule 75.01 on the ground that Lincoln should be permitted to join or voluntarily intervene as the real party in interest.

On July 11, 1994, the court vacated its order dismissing the action, and gave the Department 20 days to amend the petition. The Department filed an amended petition adding Lincoln as a plaintiff and voluntarily dismissed its appeal, based on the trial court's favorable ruling on its motion to vacate. Defendants filed a motion to dismiss this amended petition arguing that the court had lost jurisdiction of the case by failing to rule on the Department's motion to vacate within 30 days of its entry dismissing the case.

On March 18, 1995, the Department and Lincoln filed a second motion to vacate the original order arguing that they were entitled to relief under Rule 74.06 in that the dismissal was the result of mistake or excusable neglect. The defendants filed a second motion to dismiss asserting that the Department and Lincoln were not entitled to relief under Rule 74.06.[2]

On August 24, 1995, the court dismissed the amended petition holding that the Department lacked standing to sue because the completion of the project divested the Department of jurisdiction under the Prevailing Wage Law. As to Lincoln's claims against Woods, the court held that Lincoln lacked standing because it was not in privity with Woods. As to Lincoln's claims against all defendants, the court held that Lincoln had no standing to sue for wages and no standing to sue on the bond because Lincoln failed to allege that it had been damaged. It further held that Lincoln had attempted to assert a new claim of relief, which is not permitted under Rule 74.06.[3] Finally, the court held that the claims were barred by the two-year statute of limitations set forth in § 516.140, RSMo 1994. The Department and Lincoln appeal.

We must first determine whether the trial court had jurisdiction to vacate its May 20, 1994 order of dismissal by its July 11, 1994 order. The defendants argue that because the court did not rule on the Department's motion to vacate within 30 days after the court entered the order of dismissal it lost jurisdiction under Rule 75.01. The defendants maintain that the May 20, 1994 order of dismissal became final for purposes of appeal pursuant to Rule 81.05 on June 20, 1994, 30 days after it was entered. Because the Department dismissed its appeal of the May 20, 1994 order, and its subsequent notice of appeal, which was based upon the court's dismissal of its second amended petition, was not filed until October 2, 1995, the defendants contend that we must dismiss the appeal for lack of jurisdiction.

---

1. Technical corrections were made to this order on May 23, 1994, and May 25, 1994.

2. Defendants also argued the same reasons for dismissal set forth in the first motion to dismiss.

3. This was the court's only reference to Rule 74.06. The court did not rule on the Department's second motion to vacate, based upon Rule 74.06.

■ Under Rule 75.01, the trial court retains jurisdiction for 30 days after the entry of a judgment to amend, modify, vacate, reopen, or correct its judgment. If a motion for new trial or an "authorized after-trial motion" is timely filed, however, the time period within which the court may exercise jurisdiction over the judgment extends to 90 days. Rule 81.05; *Carter v. Carter*, 901 S.W.2d 906, 911 (Mo.App.1995).

■ Under the current Supreme Court Rules, an "authorized after-trial motion" is a motion for which the rules expressly provide. *Taylor v. United Parcel Serv., Inc.*, 854 S.W.2d 390, 392 n. 1 (Mo. banc 1993).[4] *See also Massman Constr. v. Highway & Transp. Comm'n*, 914 S.W.2d 801, 802–03 (Mo. banc 1996). A motion to set aside or vacate a dismissal is not an authorized after-trial motion because it is not a motion for which the rules expressly provide. *Taylor*, 854 S.W.2d at 392 n. 1; *Miller v. Enyeart*, 893 S.W.2d 901, 903 n. 1 (Mo.App.1995). Thus, the Department's June 17, 1994 motion to vacate was not an authorized after-trial motion.

■ Neither can the Department's motion be construed as a motion for a new trial. A motion for new trial is a motion directed toward errors of fact or law in the trial. *Miller*, 893 S.W.2d at 903. The Department's motion did not challenge the court's order to dismiss. It did not raise any errors of fact or law alleged to have been made by the trial court. *See id.* Rather, the Department requested that the court vacate the order, pursuant to Rule 75.01, in order to permit joinder or voluntary intervention by Lincoln.

■ The Department contends, without authority, that its motion to vacate can be construed as a motion to amend the judgment under Rule 73.01(a)(5), which is an authorized after-trial motion. However, the Department's motion to vacate did not invoke Rule 73.01(a)(5). The Department's failure to specifically rely on Rule 73.01(a)(5) in their motion is sufficient, in itself, to deny it the benefits of this rule. *Wooten v. Williams*, 827 S.W.2d 282, 284 n. 2 (Mo.App.1992).

■ The Department's motion expressly invoked Rule 75.01. It requested that the court, pursuant to Rule 75.01, vacate or amend its final order of dismissal and let the Department amend its claims by either asserting a claim against Lincoln as involuntary plaintiff or by allowing Lincoln to intervene in the action as a substitute plaintiff. In its brief and its second motion to vacate, the Department concedes that the court vacated its order dismissing the case under Rule 75.01. We conclude that the Department's motion was filed only on the authority of Rule 75.01.

The Department asserts, again without authority, that Rule 75.01 requires only that its motion be filed within 30 days of the order. However, in the absence of a timely motion for new trial, an authorized after-trial motion, or a ruling on the Rule 75.01 motion within 30 days, the court's order of dismissal became final for purposes of appeal on June 20, 1994. *Brown v. Beeney*, 756 S.W.2d 940, 942 (Mo.App.1988). Any order entered by the court subsequent to June 20, 1994, exceeded the court's jurisdiction.

■ The Department alternatively argues that the court could have vacated its May 20, 1994 order following the Department's second motion to vacate filed pursuant to Rule 74.06. However, the trial court did not rule upon the Department's Rule 74.06 motion to vacate.[5] Further, for the court to have done so would have been improper.

Rule 74.06 provides, in pertinent part:

---

4. For purposes of ascertaining the time within which an appeal may be taken, a motion to reconsider sustaining a summary judgment ruling, which disposes of all the issues has been treated as a motion for new trial, even though it is not expressly provided for in the rules. *Bailey v. Innovative Management & Inv., Inc.*, 890 S.W.2d 648, 649 (Mo. banc 1994); *Taylor*, 854 S.W.2d at 393.

5. The court did note in dismissing the Department's second amended petition that Lincoln had attempted to assert a new claim for relief, which is not permissible under Rule 74.06. The court, however, did not alter its July 11, 1994 order vacating its original order of dismissal.

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (5) ... it is no longer equitable that the judgment remain in force.

The Department's second motion to vacate, requesting relief under this rule, was filed on March 18, 1995, almost eight months after the trial court vacated the order of dismissal under Rule 75.01.

The Department's Rule 74.06 motion requested relief on the following basis. First, the Department asserted that the dismissal of its appeal, originally filed June 29, 1994, as moot, was a *mistake* if the appeal was not moot. Only through *inadvertence* did the Department's counsel allow the dismissal to become final without the possibility of an order vacating the dismissal, and the dismissal of the appeal was *excusable neglect* given the apparent mootness of the appeal at the time the trial court granted the relief sought by the Department in its appeal. The Department further argued that it was a *surprise* that the defendants did not consider the court's order vacating the dismissal to be valid, in that they did not apprise the court that the appeal was not moot at any time. The Department concluded by stating that it was not *equitable* for the dismissal to stand unchallenged and unappealed, as the Department had sought to challenge the order in the trial court and the court of appeals.

These claims do not entitle the Department to relief under Rule 74.06. The rule governing relief from a judgment applies only to mistakes or misconduct occurring before or at the time the court entered its judgment. *See State ex rel. Willey Enterprises, Inc. v. Kansas City,* 848 S.W.2d 14, 16–17 (Mo.App.1992). The Department, however, cites no error or misconduct leading to the court's original order dismissing its petition. Rather, the crux of its argument for relief under Rule 74.06 is that it did not realize that its motion to vacate pursuant to Rule 75.01 had to be ruled on within 30 days. Such a mistake of law does not constitute grounds to set aside a judgment under Rule 74.06(b). *Gibson v. White,* 904 S.W.2d 22, 25 (Mo.App.1995).

The Department filed a motion requesting that the court vacate its May 20, 1994 order dismissing the petition under the court's Rule 75.01 authority. Under this rule, the court only has jurisdiction to amend, vacate, or modify a judgment for 30 days after entering the judgment. The court, however, did not rule on the Department's motion until July 11, 1994, 57 days after it dismissed the matter. Such a ruling was beyond the jurisdiction of the court and is void, as is the court's subsequent order dismissing the Department's first amended petition.

Thus, the only order from which the Department could appeal is the May 20, 1994 order dismissing its petition. The Department had 10 days after this order became final on June 20, 1994, to file a notice of appeal from this order. Rule 81.04(a). While it did file such a notice on June 29, 1994, the Department voluntarily dismissed its appeal on July 25, 1994. The subsequent notice of appeal filed by the Department, based upon the court's dismissal of its second amended petition, which was not filed until October 2, 1995, was filed too late to invoke the jurisdiction of the appellate court.

The appeal is dismissed.

LOWENSTEIN, P.J., and SPINDEN, J., concur.