v.

**STATE of Missouri, Respondent.**

Nos. 66880, 71525.

Missouri Court of Appeals,
Eastern District,
Division Five.

March 3, 1998.

**Edward and Joyce AMAISMEIER,
Plaintiffs–Respondents,**

v.

**STATE FARM FIRE AND CASUALTY
COMPANY and Jim Collum,
Defendants–Appellants.**

No. 22093.

Missouri Court of Appeals,
Southern District,
Division Two.

March 10, 1998.

Before CRAHAN, C.J., RICHARD B. TEITELMAN, J., and CHARLES B. BLACKMAR, Senior Judge.

*ORDER*

Randy Cowherd, Newberry, Haden, Cowherd, Bullock & Keck, L.L.C., Springfield, for Defendants–Appellants.

Jacob Garrett, West Plains, for Plaintiffs–Respondents.

Before PARRISH, P.J., MONTGOMERY, C.J., and SHRUM and BARNEY, JJ.

PER CURIAM.

This is an appeal, as permitted by Section 512.020, RSMo 1994, from an order granting a new trial. However, because the trial court no longer possessed the power to grant a new trial at the time such order was entered, we cannot entertain this appeal on the merits and must reverse the invalid order.

■ Following a jury trial and a verdict for defendants, the trial court entered a judgment on September 2, 1997. It appears that plaintiffs timely filed a motion for new trial on September 26, 1997. Rule 78.04. On January 5, 1998, an order was entered which granted plaintiffs a new trial against both defendants. It is from this order that the defendants appeal.

■ Pursuant to Rule 78.06, a trial court has 90 days from the filing of a motion for new trial to rule on the motion or it is considered "overruled for all purposes." Another consequence of the passing of this time without a ruling is that the judgment becomes final. Rule 81.05(a). In this case the ruling of the motion, and the purported grant of a new trial, came 101 days after the motion was filed. In *Missouri Farmers Association, Inc. v. Havicon*, 728 S.W.2d 322 (Mo. App.1987), a similar situation occurred. There, it was noted that the order purporting to grant a new trial beyond the time permitted by the rules was null and void. The order was therefore reversed with the advice that the judgment as originally entered was in full force and effect. *Id.* at 323. See also *Mercantile Trust Company v. Holst*, 665 S.W.2d 370 (Mo.App.1984).

The order of the trial court in the present case which purports to grant plaintiffs a new trial must likewise be declared a nullity. Consistent with that declaration, it is reversed. The judgment as entered on the jury verdict is fully in effect.