Brian R. KOPPENAAL, Respondent,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.

No. WD 55632.

Missouri Court of Appeals, Western District.

Feb. 16, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 30, 1999.

Evan J. Buchheim, Jefferson City, for Appellant.

Michael J. Gunter, Kansas City, for Respondent.

Before ULRICH, P.J., and SMART and EDWIN H. SMITH, JJ.

EDWIN H. SMITH, Judge.

The Director of Revenue (the Director) appeals from the circuit court's judgment granting the respondent, Brian R. Koppenaal, limited driving privileges pursuant to § 302.309.3(6)(a).[1] The Director raises one point on appeal, claiming that the trial court erred in granting the respondent limited driving privileges because it did not have subject-matter jurisdiction to do so in that he was ineligible for limited driving privileges under § 302.309.3(5)(f) for refusing, more than once, to submit to the chemical test required by § 577.041.

We dismiss for a lack of jurisdiction.

## Facts

On October 21, 1992, the Director issued a ten-year denial of the respondent's privilege to operate a motor vehicle because of multiple convictions for driving while intoxicated. On September 5, 1997, the respondent applied to the trial court, pursuant to § 302.309.3(6)(a), for limited driving privileges.

On January 8, 1998, the trial court entered a judgment granting the respondent, pursuant to § 302.309.3(6), limited driving privileges. On January 16, 1998, the Director filed a motion to amend the trial court's judgment, pursuant to Rule 75.01,[2] alleging that the respondent's Missouri driver's license had expired prior to the court's granting him limited driving privileges and requesting the court to amend its judgment to condition his privileges upon his successful completion of the driver's license examination. On February 3, 1998, the Director filed a second motion, pursuant to Rule 75.01, asking the court to amend its January 8, 1998, judgment to terminate the respondent's limited driving privileges because § 302.309.3(3) required him to have on file

with the Director proof of financial responsibility as required by chapter 303, RSMo, and his had been cancelled or terminated as of October 27, 1997. The Director never filed a motion denominated as a motion for a new trial.

On February 5, 1998, the trial court sustained the Director's January 16, 1998, motion and entered an "amended order" making its January 8, 1998, granting of limited driving privileges conditioned upon the respondent's successful completion of the driver's license examination by February 15, 1998. On February 19, 1998, the trial court overruled the Director's February 3, 1998, motion asking the court to amend its judgment to terminate the respondent's limited driving privileges for failure to maintain financial responsibility, but entered what it denominated an "amended order and judgment," ordering the respondent to maintain proof of financial responsibility on file with the Director for the duration of his limited driving privileges.

On March 31, 1998, the Director filed his notice of appeal, appealing the February 19, 1998, amended judgment.

## Appellate Jurisdiction

■ Before we can address the merits of the Director's claim, we must first address the respondent's contention that we do not have jurisdiction to hear this appeal. *See Avery v. City of Columbia,* 966 S.W.2d 315, 320 (Mo.App.1998) (holding that we must first determine our jurisdiction before proceeding to the merits of the appeal). Specifically, the respondent contends that the Director's notice of appeal was untimely filed, depriving this court of appellate jurisdiction. In support of his contention, the respondent argues that the trial court's January 8, 1998, judgment became final on February 9, 1998, requiring the Director's notice of appeal, which was filed on March 31, 1998, to have been filed on or before February 19, 1998.[3]

---

1. All references to § 302.309 are to RSMo Supp. 1997. All other statutory references are to RSMo 1994, unless otherwise indicated.

2. All rule references are to the Missouri Rules of Civil Procedure (1998), unless otherwise indicated.

3. Rule 81.04(a) provides as follows:

However, in his brief the Director states that he was appealing from the trial court's amended "judgment" of February 19, 1998, which did not become final until March 23, 1998, making his notice of appeal due on or before April 2, 1998. As the respondent asserts, the timely filing of a notice of appeal is a jurisdictional requirement. *J and P Trust v. Continental Plants Corp.*, 541 S.W.2d 22, 25 (Mo.App.1976). Thus, in order for the Director's notice of appeal to have been timely filed and for this court to have appellate jurisdiction over his appeal, we would have to find that the trial court's February 19, 1998, entry was the final judgment from which the Director could take an appeal. The issue, then, in determining our appellate jurisdiction, is whether the trial court's entry of February 19, 1998, was the final judgment in this case, from which the Director's appeal could be taken.

▌ A prerequisite to appellate review is that there be a final judgment. *City of St. Louis v. Hughes*, 950 S.W.2d 850, 852 (Mo. banc 1997). A final judgment disposes of all issues in a case and is a final determination of the rights of the parties in the action. Rule 74.01; *Hughes*, 950 S.W.2d at 852–53 (*citing* § 511.020). There is no dispute here that the trial court's January 8, 1998, entry,

denominated by the trial court as an "order and judgment," was a judgment for purposes of appeal and as provided in Rule 74.01.[4] This judgment would have become final, for purposes of appeal, thirty days past its entry,[5] on February 9, 1998,[6] unless: (1) a timely motion for a new trial or an authorized after-trial motion was filed, which was not ruled on by the court prior to the expiration of the thirty days following judgment entry, Rule 81.05(a), or (2) it was timely amended pursuant to Rule 75.01.[7] This is so because: (1) the timely filing of a motion for a new trial or an authorized after-trial motion, not ruled on by the trial court prior to the expiration of the thirty-day period following judgment entry, extends not only the time when a judgment becomes final for purposes of appeal under Rule 81.05(a), but also the time during which the trial court retains jurisdiction to amend under Rule 75.01, *Department of Labor & Indus. Relations v. Ron Woods Mechanical, Inc.*, 926 S.W.2d 537, 540 (Mo.App.1996); *McCombs v. Joplin 66 Fairgrounds, Inc.*, 925 S.W.2d 946, 949 (Mo.App.1996); and, (2) if the trial court amends its judgment pursuant to Rule 75.01, the amended judgment becomes the new judgment for all purposes, Rule 73.01(a)(5), including extending the time within which

(a) **Filing the Notice of Appeal.** When an appeal is permitted by law from a trial court, a party may appeal from a judgment or order by filing with the clerk of the trial court a notice of appeal. No such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment or order appealed from becomes final.

4. Rule 74.01, which sets forth the definition of a judgment, provides, in pertinent part, as follows:

   (a) **Included Matters.** "Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated "judgment" is filed.

5. Rule 81.05(a) provides as follows:

   (a) **Finality as Affected by After–Trial Motions.** For the purpose of ascertaining the time within which an appeal may be taken, a judgment becomes final at the expiration of thirty days after the entry of such judgment, if no timely motion for a new trial is filed. In the event a motion for a new trial is timely filed, the judgment becomes final at the expiration of ninety days after the filing of such motion or, if such motion is ruled

on at an earlier date, then at the later of the date of disposition of said motion or thirty days after entry of judgment. Authorized after-trial motions shall be treated as, and as a part of, a new trial motion for the purpose of ascertaining the time within which an appeal must be taken, and all such after-trial motions shall be disposed of at the same time. Any authorized after-trial motion not ruled on at the time the motion for a new trial is determined shall be deemed overruled as of the same date.

6. Thirty days from the judgment entry on January 8, 1998, was February 7, 1998, but because February 7 was a Saturday, Rule 44.01 extended the time until the end of the next day which was neither a Saturday, Sunday, nor a legal holiday, which was February 9, 1998.

7. Rule 75.01 provides, in pertinent part, as follows:

   The trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time.

the appellant can file a motion for a new trial or an authorized after-trial motion under Rule 81.05(a) and the time within which the trial court retains jurisdiction to amend under Rule 75.01. Thus, in determining whether the trial court's February 19, 1998, entry was the final judgment for purposes of appeal, we must determine whether the Director timely filed a motion for a new trial or an authorized after-trial motion, or whether the court timely amended its January 8, 1998, judgment prior to February 9, 1998.

### A. Did the Director Timely File a Motion for a New Trial or an Authorized After-Trial Motion?

The Director filed two motions following the trial court's January 8, 1998, judgment entry. The first, filed on January 16, 1998, pursuant to Rule 75.01, requested the court to amend and condition its judgment, granting the respondent limited driving privileges, upon the respondent's successful completion of the driver's license examination. On February 3, 1998, the Director filed a second motion, pursuant to Rule 75.01, requesting the court to "terminate" the respondent's limited driving privileges because § 302.309.3(3) required him to have on file with the Director proof of financial responsibility as required by chapter 303, RSMo, and his had been cancelled or terminated as of October 27, 1997. The Director never filed a motion denominated as a motion for a new trial.

■ On February 5, 1998, in an entry denominated an "amended order," the trial court sustained the Director's January 16 motion to amend its January 8 judgment to provide that the respondent's limited driving privileges were conditioned upon his successful completion of the driver's license examination. Thus, because the trial court ruled on this motion prior to the expiration of the thirty days following the January 8, 1998, judgment entry, whether treated as a motion for a new trial or an authorized after-trial

motion, it did not extend, beyond thirty days after January 8, 1998, the time when the judgment in the instant case became final or the time during which the trial court retained jurisdiction to amend under Rule 75.01. Rule 81.05(a). As such, this motion had no effect on whether the January 8, 1998, judgment became final for appeal purposes on February 9, 1998. Having made this determination, the question then becomes whether the Director's February 3, 1998, motion, which was not ruled on by the court until February 19, 1998, qualified as a motion for a new trial or an authorized after-trial motion such that it extended the time when the January 8 judgment became final for purposes of appeal and the time during which the trial court retained jurisdiction to amend.

■ An authorized after-trial motion is a motion for which the rules expressly provide. *Ron Woods Mechanical*, 926 S.W.2d at 540 (*citing Taylor v. United Parcel Serv., Inc.*, 854 S.W.2d 390, 392 n. 1 (Mo. *banc* 1993)). The rules expressly contemplate six authorized after-trial motions, including a motion to amend the judgment pursuant to Rule 73.01(a)(5).[8] *Taylor*, 854 S.W.2d at 392 n. 1. A motion filed pursuant to Rule 75.01 is not recognized as an authorized after-trial motion for purposes of Rule 81.05(a). *Ron Woods Mechanical*, 926 S.W.2d at 540. This is so in that, unlike a motion to amend under Rule 73.01(a)(5), a motion to amend under Rule 75.01 must be ruled on by the court within thirty days of its entry of judgment. *Id.* at 540.

■ Because the Director's February 3 motion was filed pursuant to Rule 75.01, it was not an authorized after-trial motion, and, thus, its filing did not extend, beyond thirty days, the time within which the January 8 judgment became final for appeal purposes or the court's jurisdiction over that judgment. *Id.* at 540. Further, the motion was not a motion to amend the court's judgment under Rule 73.01(a)(5), which, as discussed, *supra*, is an authorized after-trial motion.

8. Rule 73.01(a)(5) provides, in pertinent part, as follows:

(5) The trial court shall have the authority to amend or modify any judgment or opinion upon motion by any party. Such motion shall be filed not later than thirty days after entry of judgment. Unless the amended judgment shall otherwise specify, an amended judgment or opinion shall be deemed a new judgment for all purposes.

*Taylor,* 854 S.W.2d at 392 n. 1. This is so in that the Director did not invoke Rule 73.01(a)(5) in his motion. Instead, the Director's motion expressly invoked Rule 75.01, inviting the trial court to exercise its jurisdiction under that rule to amend or vacate its judgment. His failure to specifically rely on Rule 73.01(a)(5) is sufficient, in itself, to deny him the benefits of that rule. *Ron Woods Mechanical,* 926 S.W.2d at 540.

■ Just as the Director's February 3 motion cannot be considered an authorized after-trial motion, neither can it be construed as a motion for a new trial. "A motion for new trial is a motion directed toward errors of fact or law in the trial." *Id.* at 540. The Director's February 3, 1998, motion raised no errors of fact or law alleged to have been made by the trial court. Instead, it asked the trial court to terminate its January 8, 1998, granting of limited driving privileges because § 302.309.3(3) required the respondent to have on file with the Director proof of financial responsibility as required by chapter 303, RSMo, and his had been cancelled or terminated as of October 27, 1997. Thus, the Director's February 3, 1998, motion could not be considered a motion for a new trial or an authorized after-trial motion for purposes of appeal.

The filing of the Director's January 16 and February 3 motions, for the reasons stated, did not extend beyond February 9, 1998, the time when the January 8 judgment became final for purposes of appeal or the time within which the trial court retained jurisdiction to amend under Rule 75.01. Thus, the January 8 judgment became final on February 9, unless it was timely amended by the trial court prior to that time. In this respect, the record reflects that the trial court attempted to amend its January 8 judgment prior to February 9, on February 5, 1998, when it entered what it denominated as an "amended order." And, if the February 5 "amended order" timely amended the January 8 judgment, then it would have become the new judgment for all purposes, including for purposes of the thirty-day time periods of Rules 75.01 and 81.05(a), which would begin to run anew from the entry of the amended judgment. Rule 73.01(a)(5). Thus, in determining whether the January 8 judgment was final on February 9, the question becomes whether the February 5 "amended order" timely amended the trial court's January 8 judgment such that the court would have had thirty days from its entry, or until March 9, 1998, to amend its judgment pursuant to Rule 75.01, allowing the court to further amend on February 19.

**B. Did the February 5 "Amended Order" Timely Amend the January 8 Judgment?**

■ A judgment is entered when a writing signed by the judge and denominated "judgment" is filed. Rule 74.01.

> The requirement that a trial court must "denominate" its final ruling as a "judgment" is not a mere formality. It establishes a "bright line" test as to when a writing is a judgment.... Whether the designation "judgment" appears as a heading at the top of the writing, within the body of the writing in some other manner, or in the entry on the docket sheet, it must be clear from the writing that the document or entry is being "called" a "judgment" by the trial court.

*Hughes,* 950 S.W.2d at 853.

■ Here, the trial court's January 8 entry was denominated a "judgment." However, its February 5 entry was not denominated an amended "judgment," but an amended "order." Further, the word "judgment" did not appear within the body of that entry, nor in the trial court's docket entry. As such, the trial court's February 5 "amended order" was not an amended judgment, amending the January 8 judgment, such that it extended the time that the trial court had jurisdiction to amend pursuant to Rule 75.01. *Id.* at 853. Hence, the January 8 judgment became final on February 9, 1998, rendering the court's February 19, 1998, entry a nullity in that the court had no jurisdiction to enter an amended judgment after February 9, 1998. *Sumnicht ex rel. Sumnicht v. Sackman,* 968 S.W.2d 171, 174 (Mo.App.1998); *Ron Woods Mechanical,* 926 S.W.2d at 541.

■ Because the court's January 8, 1998, judgment became the final judgment, for

purposes of appeal, on February 9, any appeal taken by the Director was required to have been taken from that judgment, with the notice of appeal required to be filed on or before February 19, 1998. Because the Director's notice of appeal was not filed until March 31, 1998, this court lacks jurisdiction to hear his appeal.

### Conclusion

For the reasons stated, we dismiss this appeal for a lack of jurisdiction.

All concur.