Raymond CARSON and Irene Carson, Husband and Wife, Carolyn Murphy, Vincent Recker, A.W. Kimes, and Donald F. Underwood, Petitioners–Respondents,

v.

Herman BRANDS and Catherine Brands, Husband and Wife, and David Brands, Respondents–Appellants.

No. 23110.

Missouri Court of Appeals, Southern District, Division One.

Dec. 30, 1999.

A.M. Spradling, III, Spradling & Spradling, Cape Girardeau, for appellants.

W. Edward Reeves, Ward & Reeves, Caruthersville, for respondents.

KENNETH W. SHRUM, Judge.

Respondents filed a petition in the circuit court seeking a mandatory injunction that would order Appellants to remove a dam or obstruction from a farm drainage ditch. The trial court denied Respondents' request for injunctive relief in a judgment dated November 30, 1998. On May 20, 1999, the trial court heard new evidence on the petition. Then, on June 3, 1999, the trial court entered a purported First Amended Judgment granting Respondents

an injunction. Thereon, Appellants appealed, alleging, among other things, that the trial court did not have jurisdiction to enter an amended judgment on June 3, 1999. We agree. Accordingly, the trial court's June 3, 1999, amended judgment exceeded the court's jurisdiction. We reverse and remand with directions to the trial court that it expunge the "First Amended Judgment" and make a docket entry vacating its June 3, 1999, order.

In response to the trial court's November 30, 1998, judgment denying their request for relief, Respondents filed a motion denominated "Petitioners' Rule 73.01 Motion For New Trial and/or To Amend Judgment" on December 21, 1998. The motion alleged that after entry of the November 30, 1998, judgment, Respondents discovered "significant new evidence directly bearing on the issues raised in the petition and addressed by [the trial court's] November 30, 1998, Judgment, and as such should ... be considered by the [trial] Court." The new evidence consisted of a 1984 "Drainage Easement Agreement" involving the subject drainage ditch. The following excerpt from Respondents' motion delineates their request for relief.

"COME NOW [Respondents] ... and move the Court pursuant to Rule 73.01[1] to make and enter its Order granting [Respondents] a new trial ... and/or to enter an amended Judgment ... granting [Respondents] the relief requested in their petition. In support of their motion, [Respondents] state as follows:

. . . .

"10. Pursuant to Rules 73.01 and 75.01,[2] this Court retains jurisdiction

---

1.  In pertinent part, Rule 73.01 states:

    "(a) In cases tried without a jury ...:
    . . . .
    "(4) Not later than thirty days after the entry of judgment, a party may, but need not, file a motion for new trial. The motion may, but need not, be accompanied by a *motion to amend the judgment or opinion* in accordance with Rule 73.01(a)(5).

    "(5) The trial court shall have the authority to amend or modify any judgment or opinion upon motion by any party. Such motion shall be filed not later than thirty days after entry of judgment...."

2.  Rule 75.01 provides:

    "The trial court retains control over judgments during the thirty-day period after en-

to re-open, reconsider, amend, or set aside its November 30, 1998, Judgment for a period of thirty (30) days, as well as to grant a new trial. The existence of the above-described [Drainage Easement] Agreement, and the rights secured thereunder to certain of [Respondents] and violated by certain of [Appellants], merit this Court setting aside its November 30, 1998, Judgment and ordering a new trial wherein the Court may consider the effect of this Agreement.

"11. In the alternative, this Court should amend its November 30, 1998, Judgment, and grant the relief requested by [Respondents] in the petition.

"WHEREFORE, for the foregoing reasons, [Respondents] move the Court to make and enter its Order setting aside its November 30, 1998, Judgment and granting a new trial in this matter. In the alternative, [Respondents] move that the Court set aside its November 30, 1998, Judgment and enter a new Judgment granting [Respondents] the relief requested in their petition."

On January 12, 1999, the litigants appeared before the trial court to take up Respondents' motion. On January 14, 1999, forty-five days after entry of the initial judgment, the trial court made the following docket entry:

"The Court, being fully advised, does hereby re-open this case for the sole purpose of receiving evidence as to the validity and legal effect, if any, of the Drainage Easement Agreement presented to the Court." [3]

On May 20, 1999, the trial court conducted a hearing at which the parties presented evidence regarding the Drainage Easement Agreement. On June 3, 1999, the trial court entered a "First Amended Judgment" in which it granted Respondents the equitable relief sought in their petition. This appeal followed.

Appellants' first point relied on maintains that the trial court did not have jurisdiction to enter the amended judgment. They contend that the trial court did not rule on Respondents' "Rule 73.01 Motion for New Trial and/or To Amend Judgment" within ninety days of the motion's filing and that, as a result, the motion was overruled by operation of Rules 78.06 [4] and 81.05(a).[5]

When a motion for new trial or other "authorized after-trial motion" is timely filed, the trial court retains jurisdiction for up to ninety days after the filing thereof to rule on the motion. Rules 78.06

---

try of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time. Not later than thirty days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party, and every order granting a new trial shall specify the grounds therefor...."

3. Rule 75.01 is the only applicable rule that authorizes a trial court to reopen a case. For reasons explained in note 6, infra, we conclude that to the extent the trial court's docket entry purports to reopen this case under Rule 75.01, it is invalid.

4. In pertinent part, Rule 78.06 states, "If the motion for a new trial is not ruled on within ninety days after the motion is filed, it is overruled for all purposes."

5. Rule 81.05(a) provides:

"For the purpose of ascertaining the time within which an appeal may be taken, a judgment becomes final at the expiration of thirty days after the entry of such judgment, if no timely motion for a new trial is filed. In the event a motion for new trial is timely filed, the judgment becomes final at the expiration of ninety days after the filing of the motion or, if such motion is ruled on at an earlier date, then at the later of the date of disposition of said motion or thirty days after entry of judgment. Authorized after-trial motions shall be treated as, and as part of, a new trial motion for the purpose of ascertaining the time within which an appeal must be taken, and all such after-trial motions shall be disposed of at the same time. Any authorized after-trial motion not ruled on at the time the motion for a new trial is determined shall be deemed overruled as of the same date...."

and 81.05(a); *State v. Ron Woods Mechanical, Inc.,* 926 S.W.2d 537, 540[1] (Mo.App. 1996). Appellants correctly point out that if a trial court fails to rule on any such motion within this ninety-day jurisdictional period, then the motion is deemed overruled. Rules 78.06 and 81.05(a); *Amaismeier v. State Farm Fire & Cas. Co.,* 962 S.W.2d 955, 956 (Mo.App.1998); *McGee v. Allen,* 929 S.W.2d 278, 280 (Mo.App.1996). At that point, the trial court has no jurisdiction to act in the case and any action it takes is a nullity. *Amaismeier,* 962 S.W.2d at 956; *Wooten v. Howerton,* 521 S.W.2d 478, 479 (Mo.App.1975). If an after-trial motion is overruled by operation of law, then the original judgment is final, valid, and enforceable. Rule 81.05; *Amaismeier,* 962 S.W.2d at 956; *Missouri Farmers Assoc., Inc. v. Havicon,* 728 S.W.2d 322, 323 (Mo.App.1987).

■ Respondents do not challenge the principles cited by Appellants and recited above but contend, instead, that the trial court *did* rule on their Rule 73.01 motion within ninety days by virtue of its January 14, 1999, docket entry. Thus, the issue we must decide is whether the trial court's January 14, 1999, docket entry constituted a ruling on Respondents' Rule 73.01 motion.[6]

6. Although the trial court purported to "reopen this case" in its January 14, 1999, order, it had no authority to do so under Rule 75.01. That rule empowers a court to reopen a case only up to thirty days after entry of judgment. The trial court's jurisdiction to reopen a case cannot be extended beyond that thirty-day period by filing an after-trial motion. *Koppenaal v. Director of Revenue,* 987 S.W.2d 446, 450 (Mo.App.1999). This is true because a motion under Rule 75.01 "is not recognized as an authorized after-trial motion" as contemplated in Rule 81.05(a). *Id.* at 450[5]. Accordingly, the trial court was powerless to reopen the case under Rule 75.01 on January 14, 1999. Under the circumstances, the trial court's jurisdiction over this case on January 14, 1999, was confined to ruling on Respondents' Rule 73.01 motion for new trial or to amend the judgment. *Id.; State ex rel. Cooper v. Curless,* 986 S.W.2d 948, 949[5] (Mo.App. 1999). Respondents do not contend otherwise. Thus, we consider only whether the

■ In their argument, Respondents rely on *Pemiscot County Memorial Hosp. v. Bell,* 770 S.W.2d 499 (Mo.App.1989), in which this court stated that "[w]hen we review a particular case to determine the date and content of a judgment, we may overlook the omission of mere matters of form and seek to determine what was intended by the court." 770 S.W.2d at 500–01[1]. Based on this statement, Respondents conclude: "Thus, the Trial Court's Order re-opening this case need *not* have stated in terms that 'this is a ruling on the [Respondents'] Rule 73.01 Motion for New Trial and/or To Amend Judgment' in order to be such a ruling. Clearly it was." We disagree. While we continue to adhere to the statement in *Pemiscot* quoted above, our consideration of the record and context here leads us to conclude that the trial court did not intend for its January 14, 1999, docket entry to be a ruling on Respondents' motion.

■ As an initial matter, we observe that the trial court's docket entry does not, on its face, expressly rule on Respondents' motion. The docket entry purports to reopen the case to receive additional evidence on one particular issue, i.e., the Drainage Easement Agreement. It does not express any intention of the trial court to set aside the original judgment or grant a new trial.[7] Furthermore, the trial

trial court's January 14, 1999, docket entry can be read as ruling on Respondents' Rule 73.01 motion.

7. While Respondents' motion moved alternatively to amend the judgment, Respondents do not specifically contend that the trial court's January 14, 1999, docket entry was a ruling on that motion, and we discern no way in which the docket entry could be so construed (except to the extent the docket entry might have implicitly overruled the motion to amend by operation of Rule 81.05(a), as more fully explained below). This view is confirmed by the fact that the trial court stated it was considering Respondents' motion to amend the judgment in the later, May 20, 1999, docket entry and in its amended judgment. *See* note 8, below. Thus, we focus our inquiry on whether the January 14, 1999, docket entry was a ruling on Respondents' motion for new trial.

court's May 20, 1999, docket entry and the First Amended Judgment both clearly indicate that, at that time, the trial court was considering Respondents' motion to amend the judgment.[8] We find this highly significant. A motion to amend brought pursuant to Rule 73.01(a)(5) is an "authorized after-trial motion" under Rule 81.05(a). *Koppenaal v. Director of Revenue*, 987 S.W.2d 446, 450 (Mo.App.1999). *See Taylor v. United Parcel Serv., Inc.*, 854 S.W.2d 390, 392 n. 1 (Mo.banc 1993). Rule 81.05(a) states that "[a]ny authorized after-trial motion not ruled on at the time the motion for a new trial is determined shall be deemed overruled as of the same date." Thus, if the January 14, 1999, docket entry were considered a ruling on Respondents' motion for new trial, then the motion to amend would be deemed overruled on that date. However, the trial court's notation in its May 20, 1999, docket entry and in the First Amended Judgment that it was considering Respondents' motion to amend strongly suggests the trial court did not intend for its January 14, 1999, docket entry to be a ruling on Respondents' after-trial motion. We find it more likely that the trial court intended to rule on Respondents' after-trial motion at a later time but before the passage of ninety days after the motion was filed. Further, we believe it intended to take the "significant new evidence" (i.e., the Drainage Easement Agreement) into consideration in ruling on Respondents' motion but inadvertently failed to receive the evidence and rule on the motion prior to losing jurisdiction ninety days after the motion was filed.

For these reasons, we conclude that ninety days after Respondents filed their after-trial motion, the motion was overruled by operation of law and the trial court's November 30, 1998, judgment became final and appealable, *see* Rules 78.06 and 81.05(a), at which point the trial court lost jurisdiction over this case. As a result, the trial court's First Amended Judgment exceeded its jurisdiction and is a nullity. Because the void judgment purports to affect the title to real estate by declaring the existence and validity of an easement, we reverse and remand this case to the trial court. *See March v. Gerstenschlager*, 322 S.W.2d 743, 744–45 (Mo.1959). On remand, the trial court is ordered to expunge the "First Amended Judgment" from the record and to make an entry in the docket vacating the court's June 3, 1999, order.

CROW, P.J., concurs.

PARRISH, J., concurs.

---

8. The trial court's docket entry regarding the May 20, 1999, hearing stated, *inter alia,* that "[Respondents'] Motion to Amend Judgment is presented to the Court. [Respondents] adduce evidence and rest. [Appellants] adduce evidence and rest. Cause taken under advisement." Similarly, the amended judgment stated, in pertinent part, that on May 20, 1999, "testimony [was] heard and evidence [was] adduced on the [Respondents'] Motion to Amend Judgment."